■ MILTON HIRSCHMAN, Appellant, v. MARC BIRNBAUM, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered September 1, 1970, in favor of defendant upon the trial court's dismissal of the complaint at the close of plaintiff's case upon a jury trial of the issues of liability only. Judgment reversed, on the law, and new trial granted, with costs to abide the event. In our opinion, there were questions of fact as to negligence and contributory negligence. Hopkins, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.

■ In the Matter of PHILIP GIORDANO, Petitioner, v. WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination dated October 15, 1970, suspending petitioner's registration as a longshoreman for a period of 45 days. Determination annulled, on the law, without costs. The subject of this disciplinary proceeding was an alleged act of misappropriation of property by petitioner from the waterfront. The property was discovered by a special investigator for respondent, concealed under a blanket in the back of petitioner's stationwagon. An undisclosed informant had given the investigator a tip that petitioner was committing acts of misappropriation, as a result of which petitioner's vehicle was placed under surveillance. The investigator did not observe any overt act on the part of petitioner or any other person other than the presence of a large bundle under a blanket in the rear of the petitioner's stationwagon. When petitioner entered the stationwagon, he was stopped and the vehicle was searched, revealing the property misappropriated from the pier. In our opinion, probable cause did not exist for the search. The activity observed by the special investigator, even in view of the informant's tip, was too innocuous or equivocal to give rise to a reasonable suspicion that a crime had been committed by petitioner (*People* v. *Corrado*, 22 N Y 2d 308; *Henry* v. *United States*, 361 U. S. 98). Accordingly, the evidence ought to have been suppressed. Rabin, P. J., Hopkins, Gulotta and Brennan, JJ., concur; Munder, J., dissents and votes to dismiss the proceeding on the merits and to confirm the determination.